UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERONICA FOSTER,

    Plaintiff,

v.                                  CASE No. 8:19-cv-680-T-TGW

ANDREW SAUL,
Commissioner of Social Security,[1]

_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claims for Social Security disability benefits.[2] Because the decision of the Commissioner of Social Security is supported by substantial evidence and contains no reversible error, the decision will be affirmed.

I.

The plaintiff, who was forty-three years old at the time of the administrative hearing (Tr. 39) and who has a college education (Tr. 196),

_____

[1]Andrew M. Saul became the Commissioner of Social Security on June 17, 2019, and should be substituted as the defendant. See Fed. R. Civ. P. 25(d).

[2]The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 17).

has worked as a customer order clerk and credit clerk (Tr. 60). She filed a claim for Social Security disability benefits, alleging that she became disabled due to stage 2 breast cancer (Tr. 81). The claims were denied initially and upon reconsideration.

The plaintiff, at her request, received a <u>de</u> <u>novo</u> hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of "breast cancer, obesity, headache, neuropathy, depression and anxiety" (Tr. 17). The law judge concluded that with those impairments the plaintiff had the residual functional capacity to perform light work with the following exceptions (Tr. 20):

> [The claimant] can lift 20 pounds occasionally; 10 pounds frequently; can stand and/or walk for approximately 6 hours per 8-hour work-day; can sit for approximately 6 hours per 8-hour work-day with normal breaks; limit right over-head reaching to frequent; limit gross and fine manipulation bilaterally to frequent; avoid concentrated exposure to hazards; and work is unskilled work, meaning with specific vocational preparation code of one or two, simple, routine and repetitive tasks.

The law judge determined that with those limitations the plaintiff could not perform past relevant work (Tr. 25). However, based upon the testimony of a vocational expert, the law judge found that jobs

existed in significant numbers in the national economy that the plaintiff could perform, such as photocopying machine operator, office helper and marker (Tr. 25–26). The vocational expert testified further that a subset of these jobs was available with a sit/stand option (see Tr. 63–64). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 26).

The plaintiff sought review of the law judge's decision and submitted additional evidence with that request. That evidence was an MRI report of the plaintiff's left knee, dated January 26, 2018 (Tr. 2; see Tr. 35). The Appeals Council determined that "this evidence does not show a reasonable probability that it would change the outcome of the decision" (Tr. 2). Consequently, the law judge's decision became the final decision of the Commissioner of Social Security in the plaintiff's case (Tr. 1).

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from

3

anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported

by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

Following the law judge's unfavorable decision, the plaintiff requested review from the Appeals Council and submitted additional evidence to it. The plaintiff's sole issue is based upon that additional evidence. Specifically, she argues that "the Appeals Council failed to find that new evidence submitted to it was material and would have altered the Administrative Law Judge decision" (Doc. 25, pp. 2, 5).[3]

---

[3]Plaintiff's counsel also throws in the assertion that the law judge's decision did not address the claimant's complaints of bilateral knee pain (Doc. 25, p. 6). This contention is undeveloped and, therefore, forfeited in accordance with the court's Scheduling Order and Memorandum Requirements (see Doc. 16, p. 2) ("The plaintiff must identify with particularity the discrete grounds upon which the administrative

5

In support of this argument, the plaintiff cites to an outdated standard from Ingram v. Commissioner of Social Security Administration, 496 F.3d 1253 (11th Cir. 2007) (id., pp. 5–6). Ingram holds that when the Appeals Council considers new evidence and denies review, the district court should determine whether the Appeals Council has correctly decided that the law judge's findings are not contrary to the weight of all the evidence. 496 F.3d at 1266–67. This holding, however, was based on the language of 20 C.F.R. 404.970(b), see id., which has since been amended. 20 C.F.R. 404.970(a)(5).

Under the applicable regulations, review will be granted by the Appeals Council when it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." Id. Additionally, the plaintiff must state good cause for not previously submitting the evidence to the law judge. 20 C.F.R. 404.970(b).

---

decision is being challenged" and "[a]ny contention for which those requirements are not met will be deemed forfeited."). See also Sanchez v. Commissioner of Social Security, 507 Fed. Appx. 855 n.1 (11th Cir. 2013) (the plaintiff waived any challenge to the law judge's determination that was not adequately raised).

The plaintiff, therefore, under the regulations must show that (1) the evidence relates to the period on, or before, the date of the law judge's decision, (2) the evidence is new, (3) the evidence is material, (4) there is a reasonable probability that the additional evidence would change the outcome of the decision and (5) there is good cause for not submitting the evidence earlier.

Evidence is material if there is a "reasonable possibility" that it would change the administrative result. Hargress v. Social Security Administration, Commissioner, 883 F.3d 1302, 1310 (11th Cir. 2018); see also Milano v. Bowen, 809 F.2d 763 (11th Cir. 1987) ("material" means "relevant and probative so that there is a reasonable possibility that it would change the administrative result").[4] The term "reasonable probability" has been defined as a "probability sufficient to undermine confidence in the

---

[4]As I discussed in Joyce v. Saul, Case No. 8:18-cv-3086-T-35TGW (Doc. 24, pp. 10–11), there are Eleventh Circuit cases that appear to use interchangeably "reasonable possibility" and "reasonable probability." In light of the amendment to §404.970, "material" must mean the reasonable "possibility" of a different result; otherwise, the "reasonable probability" requirement in (a)(5) would be superfluous. Notably, the Social Security Administration Hearing, Litigation, and Appeals Manual (HALLEX), defines "material" as "relevant, *i.e.,* involves or is directly related to issues adjudicated by the ALJ." HALLEX I-3-3-6, ¶B.2. However, this definition is not controlling authority. See McCabe v. Commissioner of Social Security, 661 Fed. Appx. 596, 599 (11th Cir. 2016) (The Eleventh Circuit "has not decided whether HALLEX carries the force of law.").

outcome." United States v. Bagley, 473 U.S. 667, 682 (1985). Since the Appeals Council mentioned only the fourth element, consideration is properly limited to whether the Appeals Council erred in finding there was not a reasonable probability that the new evidence would change the outcome of the decision.

The plaintiff's new evidence consists solely of an MRI report of the plaintiff's left knee, performed on January 26, 2018 (Tr. 2, 35). She quotes the pertinent portion of the MRI report:

> [The radiologist's] impression was significant bone marrow contusion with non-displaced, non-depressed subchondral fracture of the posterior tibia, high-grade partial/near full thickness tear of the anterior cruciate ligament, and small popliteal cyst and small joint effusion.

(Doc. 25, p. 6). The Appeals Council considered this evidence and found that the MRI report "does not show a reasonable probability that it would change the outcome of the decision" (Tr. 2). Accordingly, the Appeals Council denied review (Tr. 1).

The plaintiff argues, in a vague and conclusory manner that, "[d]ue to the significant findings from this MRI, it is likely the Administrative Law Judge would have found the claimant more limited with

8

respect to standing and walking, than found to be the case in the decision" (Doc. 25, p. 6). The defendant responds that the "[p]laintiff had not proven the significance [of] the MRI findings" (Doc. 27, p. 8). In this regard, he argues:

> [The MRI] report alone does not show Plaintiff had a severe knee impairment for any consecutive twelve-month period or that she was further limited by knee pain that precluded her ability to perform the reduced number of light jobs identified by the VE. According to the VE, a person who ... needed a sit-stand option could still perform the identified jobs.

(id., p. 2). The Commissioner's arguments are meritorious. Conspicuously missing from the plaintiff's submission is a treatment note or medical opinion indicating the functional limitations caused by the knee injuries and the expected duration thereof, both of which are necessary for the plaintiff to show a reasonable probability that this new impairment evidence would change the outcome of the decision. See 20 C.F.R. 404.970(a)(5).

Thus, in order to qualify for disability benefits, the impairment must "meet[] the duration requirement specified in the federal regulations." Shinn ex rel. Shinn v. Commissioner of Social Security, 391 F.3d 1276, 1279 (11th Cir. 2004); see 20 C.F.R. 404.1509. The "duration requirement," as

9

pertinent here, means that the impairment "lasted or must be expected to last for a continuous period of not less than 12 months." 20 C.F.R. 404.1509. Furthermore, that medical impairment must be at a level of severity sufficient to preclude substantial gainful activity. Barnhart v. Walton, 535 U.S. 212, 219–20 (2002). Thus, both the impairment and the inability to work must be expected to last not less than 12 months. See id.; 20 C.F.R. 404.1505(a).

The plaintiff's MRI report, however, merely identifies the radiologist's impressions of the plaintiff's left knee impairments. Nothing in that report indicates the expected duration of the impairments.

Additionally, the MRI report does not establish the severity of the impairments. Thus, it is well-established that "a diagnosis or a mere showing of 'a deviation from purely medical standards of bodily perfection or normality' is insufficient [to show disability]; instead, the plaintiff must show the effect of the impairment on her ability to work." Wind v. Barnhart, 133 Fed. Appx. 684, 690 (11th Cir. 2005), quoting McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In other words, it is the functional limitations that determine disability. Moore v. Barnhart, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005). The MRI report does not identify any

functional limitation caused by the knee impairments and, therefore, it certainly does not show that they caused one or more functional limitations that would render the plaintiff unable to perform substantial gainful activity for at least 12 consecutive months. See id.[5]

Moreover, the plaintiff does not show that the impairments on the MRI report were connected to a pre-existing knee problem. The plaintiff, at best, hints at such an argument by referring to her hearing testimony of knee pain (Doc. 25, p. 6).

However, as the Commissioner argues, "[t]here is no indication in this report tying Plaintiff's complaints of knee pain as she testified in September 2017 to these MRI findings in January 2018" (Doc. 27, pp. 8-9). See Social Security Ruling 82-52, 1982 WL 31376 at *1 ("Severe impairments lasting less than 12 months cannot be combined with successive, unrelated impairments to meet the duration requirement."). Furthermore, such a connection is unlikely because the injuries identified on the MRI—such as the contusion (*i.e.*, a bruise) and ligament tear—are

---

[5]As the Commissioner argues, if it subsequently became apparent that the knee impairments shown on the MRI were disabling, the proper procedure is to file another disability benefits application.

11

typically associated with a singular traumatic event, such as a slip or fall, and not the deterioration of a pre-existing condition. See www.mayoclinic.org/-diseases-conditions-ACL.

Additionally, even if the knee impairments on the MRI report were connected to a pre-existing knee condition, there is no showing that the impairments caused functional limitations at a disabling level for 12 consecutive months. See Barnhart v. Walton, supra, 535 U.S. at 220 (The medical impairment must be at a "level of severity sufficient to preclude substantial gainful activity."). To the contrary, the law judge discussed in the decision that he rejected greater restrictions on the plaintiff's walking capability because the "treatment notes consistently indicate that [the plaintiff's] gait was normal and there were no signs of deficits in the extremities" (Tr. 24). This finding—which the plaintiff has not challenged—is amply supported by objective medical findings showing normal gait, full range of motion, no swelling or edema, and normal strength and sensation (see Tr. 575, 591, 724, 797, 808, 829, 833, 871). Consequently, there is not a reasonable probability that the MRI report would have changed the law judge's decision of not disabled. See 20 C.F.R. 404.907(a)(5).

Finally, even accepting the plaintiff's vague allegation that the MRI report showed she was "more limited with respect to standing and walking" (which it does not) there is not a reasonable probability that the outcome would be different because a subset of the representative jobs identified by the law judge were available with an option to sit/stand at will. Thus, the vocational expert testified that there were jobs as a photocopy machine operator, office helper and marker that permitted the "individual [to] sit if they needed to sit and ... stand if they needed to stand. They could sit all day if they needed to sit all day" (Tr. 64).[6] Therefore, the representative jobs upon which the law judge based his finding of not disabled could also accommodate greater limitations on walking and standing. This circumstance also shows there is not a reasonable probability that the MRI report would have changed the outcome of this case.

In sum, the plaintiff has failed to show that the Appeals Council erred by denying review of her claim. 20 C.F.R. 404.970(a)(5).

---

[6]Although the vocational expert did not specify the number of these jobs, it was clearly a significant number because the vocational expert identified a further reduced amount of these jobs that could be performed with legs elevated to the waist, and that reduced amount constitutes a significant number of jobs available in the national economy (see Tr. 64). See, e.g., Brooks v. Barnhart, 133 Fed. Appx. 669, 671 (11th Cir. 2005) (840 jobs constituted a significant number in the national economy).

It is, therefore, upon consideration,

ORDERED:

That the decision of the Commissioner of Social Security is **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this 10th day of July, 2020.

*Thomas G. Wilson*
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE